**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| JESSE VEGA,<br><br>        Plaintiff - Appellant,<br><br>  v.<br><br>COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,<br><br>        Defendant - Appellee. | No. 11-15257<br><br>D.C. No. 1:09-cv-00735-SMS<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Sandra M. Snyder, Magistrate Judge, Presiding

Submitted February 15, 2012[**]
San Francisco, California

Before: HUG, B. FLETCHER, and PAEZ, Circuit Judges.

Plaintiff-Appellant Jesse Vega ("Vega") appeals the district court's denial of

his Federal Rule of Civil Procedure 59(e) motion to alter or amend the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

judgment affirming the denial of benefits. We affirm.

The district court did not abuse its discretion in denying Vega's Rule 59(e) motion. The district court's order affirming the denial of benefits neither relied on any manifest errors of law or fact nor resulted in a manifest injustice. *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011). In his motion, Vega did not provide any new evidence or identify any intervening change in controlling law. *Id.* Rather, Vega attempted to raise a new argument based on a purported factual finding in the district court's order affirming the denial of benefits regarding his alleged illiteracy. When ruling on a Rule 56 motion, however, the district court does not make findings of facts. FED. R. CIV. P. 52(a)(3), 56(a); *Scott v. Pasadena Unified Sch. Dist.*, 306 F.3d 646, 653 (9th Cir. 2002). Moreover, Vega, who was represented by counsel, could have included the argument regarding his alleged illiteracy as support for his summary judgment motion. *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (explaining that "[a] Rule 59(e) motion may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation."). Accordingly, the district court's ruling on Vega's Rule 59(e) motion is **AFFIRMED**.